COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MARK ANTHONY NOE,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-10-00109-CR



Appeal from the


396th District Court


of Tarrant County, Texas


(TC# 1124603D)


MEMORANDUM OPINION


 Appellant, Mark Anthony Noe, was indicted for the first-degree felony offense of aggravated
sexual assault of a child. Pursuant to a plea-bargain with the State, Appellant was placed on deferred
adjudication for ten years. Subsequently, the State filed a petition to proceed to adjudication,
alleging that Appellant, in ten paragraphs, violated various terms and conditions of his community
supervision. Appellant pled true to paragraphs one, two, three, four, six, and nine, but not true to
paragraphs five, seven and eight. After a hearing on the same, the trial court found paragraphs one
through four, six, and nine to be true, adjudicated Appellant guilty, and sentenced him to twenty-five
years' imprisonment.

 Appellant's court-appointed counsel has filed a brief in which he has concluded that the
appeal is wholly frivolous and without merit. The brief meets the requirements of Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. denied, 388 U.S. 924, 87 S.Ct. 2094,
18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why,
in effect, there are no arguable grounds to be advanced. See High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485
S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). 
A copy of counsel's brief has been delivered to Appellant, Appellant has been advised of his right
to examine the appellate record, and Appellant, having been advised of right to do so, has filed a pro
se brief.

 We have carefully reviewed the record and counsel's brief and agree that the appeal is wholly
frivolous and without merit. Appellate review of an order revoking probation is limited to simply
whether the trial court abused its discretion by finding, based on a preponderance-of-the-evidence
standard, that Appellant violated a term or condition of his probation. Rickels v. State, 202 S.W.3d
759, 763 (Tex. Crim. App. 2006). Here, Appellant does not contest his pleas of true, and those pleas
alone were sufficient to support the trial court's revocation. See Moses v. State, 590 S.W.2d 469,
470 (Tex. Crim. App. 1979). Further, the punishment assessed was within the range prescribed by
law. See Tex. Penal Code Ann. § 22.021(a)(1)(B), (e) (West Supp. 2010) (1); Tex. Penal Code
Ann. § 12.32(a) (West 2003). Thus, we too find nothing in the record that might arguably support
the appeal.

 Nevertheless, Appellant, in his pro se brief, raises four issues, urging reversal on any one of
the grounds alleged. However, as a detailed discussion of the contentions advanced therein would
add nothing to the jurisprudence of the state, we will simply note that we lack jurisdiction to consider
the first two, that Appellant failed to preserve his third for our review, and that the record is simply
undeveloped to find any merit in his fourth. (2) Accordingly, we overrule Appellant's issues.

 The trial court's judgment is affirmed.


 GUADALUPE RIVERA, Justice

February 9, 2011


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)

1. Prior editions of The Greenbook Texas Rules of Form required citation to Vernon as the publisher in the
parenthetical following the statute or code. The Twelfth Edition of The Greenbook amended Rule 10.1.1 to require
citation to the actual publisher, West, rather than Vernon.
2. Appellant's first issue contends that his guilty plea was involuntary and his second challenges the
sufficiency of the evidence to support the charged offense. However, case law dictates that we may not review either
of those issues on appeal from a revocation proceeding. See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim.
App. 1999). His third issue asserts that his twenty-five year sentence constitutes cruel and unusual punishment, but
we cannot find such an objection presented to the trial court; therefore, we must conclude that his third issue is not
preserved for our review. See Noland v. State, 264 S.W.3d 144, 151-52 (Tex. App. - Houston [1st Dist.] 2007, pet.
ref'd). Finally, Appellant makes various assertions of counsel's ineffectiveness, all of which are not founded in the
record, in his fourth issue. However, as counsel has not been provided with the opportunity to respond to the
allegations, we cannot hold that counsel's performance was deficient in the instances alleged. See Bone v. State, 77
S.W.3d 828, 836 (Tex. Crim. App. 2002); Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).